IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| KARL SHACKELFORD, | § | |
| | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | 2:10-CV-0250 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
|     Respondent. | § | |

## **REPORT AND RECOMMENDATION TO DISMISS**
## **FOR WANT OF PROSECUTION**

Petitioner, a state prisoner confined in the Clements Unit in Potter County, Texas, has attempted to initiate a federal proceeding in this Court by filing an untitled, handwritten pleading referencing habeas corpus and various civil rights actions, as well as injunctive and monetary relief.[1] Petitioner's pleading was construed as a petition for a writ of habeas corpus challenging a disciplinary proceeding wherein thirty (30) days previously accrued good conduct time was forfeited as punishment. Petitioner did not submit either the filing fee for a habeas corpus proceeding or a civil rights action but, instead, filed an application to proceed *in forma pauperis* without attaching a current 6-month history of his inmate trust account as instructed to do so on the application.

On October 25, 2010, petitioner was ordered to submit to the Court a certified *in forma*

---

[1] Petitioner submitted three (3) other pleadings similar to the pleading filed under this cause number. *See* Cause Nos. 2:10-CV-0249, 2:10-CV 0251 and 2:10-CV-0252.

IFP/R&R/SHACKELFORD-250.WOP:2

*pauerpis* data sheet from his penal institution, to pay the habeas corpus filing fee, or to submit evidence that petitioner had authorized the institution to disburse the requisite funds from his trust account. Petitioner was given twenty (20) days from the date of the order in which to make his submission to the Court and was warned that his failure to properly supplement or pay the filing fee within the time allowed would result in an immediate recommendation for the dismissal of this case without further notice.[2] On October 25, 2010, petitioner was also ordered to file with this Court a form habeas corpus petition adopted by the federal courts for the Northern District of Texas. A form was provided to petitioner with a copy of the Court's order. Petitioner was given twenty (20) days from the date of the order in which to file his amended petition and was advised that his failure to timely submit the amended petition might result in a dismissal of his case without further notice. As of this date, petitioner has not submitted a properly completed form habeas application, nor has petitioner submitted any payment to satisfy the requisite filing fee in this cause, submitted an *in forma pauperis* data sheet in this cause, or provided evidence that he has authorized payment of the filing fee in this cause number.[3]

Petitioner has been given ample opportunity to submit, under this cause number, the amended petition, pay the filing fee, submit a data sheet as proof of his indigency, or provide evidence of his authorization for the disbursement of the filing fee. Petitioner has failed to follow the Court's direct orders. Petitioner has not submitted anything under this cause number since the filing of his handwritten pleading and *in forma pauperis* application on October 20, 2010.

---

[2] Such supplementation was due on or before November 15, 2010 as the twentieth day fell on November 14, 2010, a Sunday.

[3] Petitioner did file a certified *in forma pauperis* data sheet in Cause No. 2:10-CV-0252 in support of his Request to Proceed *In Forma Pauperis* filed in that cause number. The information provided by the data sheet, however, did not qualify petitioner for *in forma pauperis* status in that case.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386 (1962)). Petitioner has failed to comply with direct orders of the Court. Petitioner has neglected his case to the extent it warrants dismissal. Petitioner's habeas application should be dismissed for want of prosecution due to petitioner's failure to comply with this Court's Orders.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the habeas application filed by petitioner be DISMISSED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 23rd day of November, 2010.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).